**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04617-NYW

PARJEET SINGH,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition on October 6, 2026, stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 6]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Parjeet Singh ("Petitioner" or "Mr. Singh") is a citizen of India who entered the United States in March 2023. [Doc. 1 at ¶¶ 10–11]. On April 1, 2023, after issuing a Notice to Appear and initiating removal proceedings, "the Department of Homeland Security released Petitioner on his own recognizance." [*Id.* at ¶¶ 11–12]; *see generally* [Doc. 1-5]. On July 27, 2025, immigration officers arrested Mr. Singh while he

was working at a gas station in New Jersey without presenting him with a warrant. [Doc. 1 at ¶ 16].[1] He was detained without custody determination hearing and is currently detained at the Denver Detention Facility in Aurora, Colorado. [*Id.* at ¶¶ 16–17].

Mr. Singh asserts five claims for relief: (1) unlawful detention in violation of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and implementing regulations; (2) violation of his Fifth Amendment due process rights; (3) violation of the Administrative Procedure Act; (4) violation of his Fifth Amendment equal protection rights, and (5) violation of the Suspension Clause of the U.S. Constitution. [*Id.* at ¶¶ 50–76]. He asks the Court to order Respondents to immediately release him from custody or, in the alternative, provide him with an individualized bond hearing under § 1226(a). [*Id.* at 26]. He also asks for the Respondents to be enjoined from transferring him outside of the District of Colorado or removing him from the United States during the pendency of this proceeding, and for "reasonable attorney's fees and costs under the Equal Access to Justice Act." [*Id.* at 26–27].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

[1] Prior to his arrest by immigration officers, Petitioner was issued a criminal summons in state court, and he was ultimately found guilty of a noncriminal municipal ordinance violation. [Doc. 1 at 9–10; Doc. 1-9].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a).[2] *See* [Doc. 1 at ¶¶ 9, 42–49; Doc. 6 at 1 (Respondents conceding that they "are not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)].

Recently, the Tenth Circuit held that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). By all accounts, Petitioner was most recently detained while he was in the interior of the United States, *see* [Doc. 1 at ¶ 16], so his detention is governed by § 1226(a), *Santillan Quiroz*, 180 F.4th at 1237.

Pursuant to *Santillan Quiroz*, Petitioner's detention without a bond hearing violates

---

[2] Although the immigration judge ordered Petitioner removed from the United States, the order is not final, as it is still on appeal with the BIA. *See* 8 C.F.R. § 1003.39; 8 U.S.C. § 1101(a)(47)(B).

the INA. *See id.*; *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025). And the Court "concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights." *Onate-Brinez v. Baltazar*, No. 26-cv-02768-NYW, 2026 WL 2085090, at *3 (D. Colo. July 20, 2026).

Additionally, although not raised as an independent claim, Mr. Singh also alleged that he was not arrested pursuant to a warrant. [Doc. 1 at ¶ 16]. Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and an NTA. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, however, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[3] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the

---

[3] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition, which is verified by Petitioner's counsel, alleges that immigration "agents did not present Petitioner with a warrant at the time of his arrest." [Doc. 1 at ¶ 16]. Respondents do not address this issue at all in their Response and do not attach any warrant. *See generally* [Doc. 6]. They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED** as to Petitioner's first and second claims, as his detention violates the INA and his due process rights. The Court will order Mr. Singh released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). The Court notes that Respondents acknowledge that release is the appropriate remedy in this case. [Doc. 6 at 2]. Having granted Petitioner his requested relief, the Court need not reach Petitioner's other claims.[4]

[4] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 27]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that a request for fees be made by separate motion. *See*

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 16, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released and indicating whether any additional proceedings are necessary in this case.

DATED: October 9, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

---

D.C.COLO.LCivR 54.3. A fee award is thus inappropriate at this juncture. In addition, a party seeking costs must follow the procedures set forth in D.C.COLO.LCivR 54.1.